IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SUSAN CAPRITA, individually
and as mother and natural
guardian of K.C., a minor
and K.C., individually,

    Plaintiffs,

v.                                          Civil Action No. 5:16CV170
                                                                   (STAMP)

THE ESTATE OF FRANCES ZILKO,
WHEELING ISLAND GAMING, INC.,
NATIONWIDE AFFINITY INSURANCE
COMPANY OF AMERICA and
LIBERTY MUTUAL INSURANCE COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO REMAND**

      This is a personal injury case arising out of a motor vehicle accident. The plaintiffs filed this civil action in the Circuit Court of Ohio County, West Virginia. Defendant Wheeling Island Gaming, Inc., with consent of the other defendants, removed the case to this Court citing diversity jurisdiction. The plaintiffs then filed a motion to remand. This Court ordered the parties to conduct limited discovery regarding the amount in controversy and to file supplemental briefs. For the following reasons, the plaintiffs' motion to remand is denied.

                                    I.    <u>Background</u>

      Plaintiff Susan Caprita ("Caprita") and her minor son ("K.C.") were in Caprita's vehicle stopped at the drive through of a fast-food restaurant in Wheeling, West Virginia. Defendant Frances

Zilko ("Zilko") allegedly struck with his vehicle another vehicle and a billboard support. Zilko then allegedly reversed his vehicle and struck the front of Caprita's vehicle, injuring Caprita and K.C. After the accident but before this civil action was filed, Zilko died with his last residence in Pittsburgh, Pennsylvania. Caprita alleges that Zilko was intoxicated during the accident. She alleges that before the accident Zilko was drinking at the Wheeling Island Casino, operated by defendant Wheeling Island Gaming, Inc. ("Wheeling Island"). Caprita alleges that Wheeling Island's staff continued to serve Zilko despite his visible intoxication.

Caprita alleges a claim for negligence against The Estate of Frances Zilko. She also alleges a third-party bad faith claim against Zilko's insurer Nationwide Affinity Insurance Company of America ("Nationwide"), and an uninsured motorist claim against her own insurer, Liberty Mutual Fire Insurance Company ("Liberty Mutual").[1] She also alleges a claim for negligence against Wheeling Island.

After removal to this Court, the plaintiffs filed a motion to remand arguing that the amount in controversy does not exceed $75,000.00 exclusive of interest and costs because the plaintiffs

---

[1]Liberty Mutual has filed a motion to amend the caption of this civil action to correct its name from "Liberty Mutual Insurance Company" to "Liberty Mutual Fire Insurance Company." ECF No. 32.

allege they previously made a settlement offer of less than $75,000.00. There is no dispute that the parties are completely diverse. After initial briefing, this Court directed the parties to engage in limited discovery on the amount in controversy and to file supplemental briefing. Wheeling Island, Nationwide, and Liberty Mutual each filed supplemental responses.[2] The plaintiffs did not file a supplemental brief in support of their motion to remand.

## II. Applicable Law

A defendant may remove a case from state court to a federal court with original jurisdiction. 28 U.S.C. § 1441. Under 28 U.S.C. § 1332(a), district courts have original jurisdiction where the dispute is between citizens of different states and the amount in controversy exceeds $75,000.00. The parties must be completely diverse, meaning that "the citizenship of each plaintiff must be different from the citizenship of each defendant." Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014). Diversity is "assessed at the time the action is filed." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).

The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006). When removal is

---

[2]Liberty Mutual filed two, slightly different supplemental briefs. ECF Nos. 41 and 42

challenged, the defendant must establish jurisdiction by a preponderance of the evidence. Strawn v. AT&T Mobility LLC, 530 F.3d 293, 297-98 (4th Cir. 2008). Further, this Court must strictly construe its removal jurisdiction and remand if federal jurisdiction is doubtful. Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999). However, courts are not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged, the notice of removal, and any other relevant materials in the record at the time of removal. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725.1 (4th ed. 2013). Typically, removal jurisdiction should be evaluated based solely on the filings available when the notice of removal was filed. Tamburin v. Hawkins, No. 5:12CV79, 2013 WL 588739, *1 (N.D. W. Va. Feb. 13, 2013) (citing Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 428 (7th Cir. 1997)). However, it may be proper for the court to consider other evidence in the record where the amount in controversy is not readily ascertainable from the pleadings. See Wright & Miller, supra § 3725.1; Mullins, 861 F. Supp. at 23.

III. Discussion

There is no dispute that complete diversity exists. Rather, the plaintiffs argue that the amount in controversy does not exceed $75,000.00 exclusive of interest and costs. Wheeling Island argues that the amount in controversy exceeds $75,000.00 because the plaintiffs' responses to interrogatories show their expected damages far exceed the jurisdictional amount.

In their responses to interrogatories submitted during the permitted limited discovery period, the plaintiffs claim future lost earnings of $650,000.00 to $2,170,000.00, past medical expenses of $7,307.77, past lost wages of $792.00, vehicle damage of $4,121.48, as well as indeterminable damages for subjective harm and future medical expenses. See ECF No. 43-1. The plaintiffs also seek punitive damages. See Asbury-Castro v. GlaxoSmithKline, Inc., 352 F. Supp. 2d 729, 732 (N.D. W. Va. 2005) (noting that "[u]nder West Virginia law, a good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless . . . [it is] legal[ly] certain[] that [the] plaintiff cannot recover punitive damages in the action"). Thus, it is clear that the plaintiffs seek to recover more than $75,000.00.

Further, the plaintiffs previously argued that the amount in controversy is below the jurisdictional amount because they previously made a settlement demand for less than $75,000.00.

5

However, a settlement demand or offer is not necessarily determinative of the amount in controversy. Regardless, the plaintiffs' prior demand was for $150,000.00 from the Estate of Zilko, which is double the jurisdictional amount and would not necessarily cover any other defendant's liability. See 43-4. Accordingly, this Court finds that the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

## IV. Conclusion

For the above reasons, this Court finds that it has subject matter jurisdiction in this civil action under 28 U.S.C. § 1332(a). Accordingly, the plaintiffs' motion to remand (ECF No. 13) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    April 19, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE