IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SUSAN CAPRITA, individually
and as mother and natural
guardian of K.C., a minor
and K.C., individually,

    Plaintiffs,

v.                          Civil Action No. 5:16CV170
                                      (STAMP)
THE ESTATE OF FRANCES ZILKO,
WHEELING ISLAND GAMING, INC.,
NATIONWIDE AFFINITY INSURANCE
COMPANY OF AMERICA and
LIBERTY MUTUAL FIRE INSURANCE COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCED ORDER OF THE COURT
GRANTING DEFENDANT NATIONWIDE AFFINITY
INSURANCE OF AMERICA'S MOTION TO DISMISS**

Defendant Nationwide Affinity Insurance Company of America ("Nationwide") filed a motion to dismiss Count IV of the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The parties appeared before this Court for a status conference on May 2, 2016. At the conference, this Court heard from the parties regarding Nationwide's motion to dismiss and granted the motion. This memorandum opinion and order serves to confirm this Court's oral ruling.

I.   Background

This is a personal injury case arising out of a motor vehicle accident. Plaintiff Susan Caprita ("Caprita") and her minor son K.C. were in Caprita's vehicle stopped at the drive through of a

fast-food restaurant in Wheeling, West Virginia.  Frances Zilko ("Zilko") then struck with his vehicle another vehicle and a billboard support.  Zilko then allegedly reversed his vehicle and struck the front of Caprita's vehicle, injuring Caprita and K.C. After the accident but before this civil action was filed, Zilko died with his last residence in Pittsburgh, Pennsylvania.  Caprita alleges that Zilko was intoxicated during the accident.

Caprita alleges a claim for negligence against The Estate of Frances Zilko and a claim for uninsured motorist coverage against her own insurer, Liberty Mutual Fire Insurance Company.  In Count IV, she alleges a claim against Zilko's insurer Nationwide that does not specify a particular cause of action.  Wheeling Island has since been dismissed.

## II. Applicable Law

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff is plausibly entitled to relief.  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not a probability requirement, but asks for more than a sheer

2

possibility that a defendant has acted unlawfully." Hall v. DirectTV, 846 F.3d 757, 765 (4th Cir. 2017). "[C]ourts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." Id. "[A] complaint is to be construed liberally so as to do substantial justice." Id. (internal quotation marks omitted).

## III. Discussion

Count IV of Caprita's complaint sets out allegations against Nationwide. Caprita alleges that Zilko had liability insurance coverage through Nationwide, that Nationwide was aware of the accident and Caprita's alleged injuries, and that the Nationwide policy is applicable to Zilko's alleged liability in this case. Count IV does not state any particular cause of action. At the status conference held on May 2, 2017, Caprita confirmed that Count IV was stated for the sole purpose of alleging that Zilko had insurance coverage through Nationwide. Thus, Count IV does not purport to state any cause of action, and the only potential cause of action that it seems Count IV could be liberally construed to state is one for bad-faith settlement of an insurance claim. However, West Virginia Code § 33-11-4A prohibits a third-party claimant from bringing "a private cause of action or any other action against any person for an unfair claims settlement practice," and provides that a "third-party claimant's sole remedy [for such a claim] . . . is the filing of an administrative

3

complaint with the [Insurance] Commissioner [of West Virginia]." W. Va. Code § 33-11-4A(a). Thus, even if this Court liberally construes Count IV as a third-party bad-faith claim, Caprita has failed to state a claim for relief against Nationwide.

IV. <u>Conclusion</u>

For the above reasons, Nationwide Affinity Insurance Company of America's motion to dismiss (ECF No. 7) is GRANTED. Accordingly, Count IV of the complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     May 2, 2017

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE